ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief
ANGELA MO, Trial Attorney (CA Bar No. 262113)
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 353-5129; Fax | (202) 305-0275

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER; CALIFORNIA SPORTFISHING PROTECTION ALLIANCE; RESTORE THE DELTA; and FRIENDS OF THE RIVER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, a United States Government Agency; DIRECTOR of the U.S. Fish and Wildlife Service in their official capacity; DOUG BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior,<br><br>Defendants. | Case No. 3:25-cv-01360-LJC<br><br>**UNOPPOSED MOTION FOR 43-DAY EXTENSION OF TIME TO COMPLY WITH JUDGMENT; ORDER**<br><br>Hearing Date and Time:<br>January 27, 2026, at 10:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants—the U.S. Fish and Wildlife Service (the "Service"), Brian Nesvik, in his official capacity as the Director of the Service, and Doug Burgum, in his official capacity as Secretary of the U.S. Department of the Interior—hereby move under Federal Rule of Civil Procedure 60(b)(5) and (6) for a 43-day extension of the June 3, 2026,

deadline for Defendants to submit for publication in the Federal Register a finding under 16 U.S.C. § 1533(b)(3)(B) on Plaintiffs' petition to list the San Francisco Estuary population of white sturgeon as threatened. Plaintiffs do not oppose this Motion. A hearing on this unopposed Motion is set for January 27, 2026, at 10:30 a.m.

The June 3, 2026, deadline was ordered by the Court in its final judgment (Dkt. No. 33) and September 3, 2025, order (Dkt. No. 32). By this Motion, Defendants respectfully request relief from the final judgment and order in the form of a 43-day extension of the deadline to account for the duration of a lapse in appropriations to the Service, which interrupted the Service's work towards completing the finding. If this Motion is granted, the deadline would be extended to July 16, 2026. In support of this Motion, Defendants submit the points and authorities below and the attached declaration of Gina Shultz, the Service's Acting Assistant Director for Ecological Services.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

### I. Introduction and Background

This case concerns the Service's obligation to make a finding under Section 4(b)(3)(B) of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B), on Plaintiffs' petition to list the San Francisco Estuary population of white sturgeon as threatened. On September 3, 2025, the Court issued Findings of Fact and Conclusions of Law, ordering Defendants to "submit that finding no later than June 3, 2026 (nine months from the date of this Order) for publication in the Federal Register." Dkt. No. 32 at 18. The Court reasoned that a nine-month timeline was "presumptively feasible" and consistent with the statute's timeline. *Id.* at 17. On the same day, the Clerk of the Court entered the final judgment in this case, also ordering Defendants to "submit a finding under 16 U.S.C. § 1533(b)(3)(B) on the petition at issue no later than June 3, 2026 for publication in the Federal Register." Dkt. No. 33.

Under Federal Rule of Civil Procedure 60(b)(5) and (6), Defendants respectfully request relief from the final judgment and September 3, 2025, order to account for the 43-day lapse in appropriations to the Service that lasted from October 1 through November 12, 2025. The lapse

in appropriations—unforeseen and beyond Defendants' control—caused the Service to cease work on the finding. In short, for 43 days, work on the finding was not just infeasible but impossible. Plaintiffs do not oppose the requested extension.

## II.      Standard for Relief from a Final Judgment or Order

Under Federal Rule of Civil Procedure 60(b)(5) and (6), a court may relieve a party from a final judgment or order if, as relevant here, "applying it prospectively is no longer equitable," Fed. R. Civ. P. 60(b)(5), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

For a motion for equitable relief under Rule 60(b)(5), the Ninth Circuit applies the "flexible standard" set forth in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 368 (1992). *SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001) (citing *Rufo* and *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999)). The *Rufo* standard "allows courts to fulfill their traditional equity role" by "tak[ing] all the circumstances into account in determining whether to modify or vacate a prior injunction." *Bellevue*, 165 F.3d at 1256; *Calif. v. U.S. Envt'l Protection Agency*, 978 F.3d 708, 713 (9th Cir. 2020). The standard provides that a party seeking modification to a court order need only establish that a "significant change in facts or law warrants a revision of the decree and that the proposed modification is suitably tailored to the changed circumstances." *Rufo*, 502 U.S. at 393; *Coldicutt*, 258 F.3d at 942. Modification is thus warranted when "changed factual conditions make compliance with the decree substantially more onerous" or "when a decree proves to be unworkable because of unforeseen obstacles." *Coldicutt*, 258 F.3d at 942 (quoting *Rufo*, 502 U.S. at 384). Modification is not just warranted but required if "compliance becomes legally impermissible." *Id.* (citing *Rufo*, 502 U.S. at 388).

For a motion under Rule 60(b)(6), a party must show "extraordinary circumstances" to justify relief. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States,* 340 U.S. 193, 199 (1950)); *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (citing *Gonzalez*). In determining whether extraordinary circumstances are present, a court must engage in a "case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the

court's conscience that justice be done in light of all the facts." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (citations omitted); *see also Buck v. Davis*, 580 U.S. 100, 123 (2017) (court may consider "wide range" of factors).

### III. Argument

Following the September 3, 2025, judgment in this case, the Service has been diligently working to meet the Court's June 3, 2026, deadline for a finding on the San Francisco Estuary population of white sturgeon. Declaration of Gina Shultz ("Shultz Decl.") ¶ 3. Consistent with the Court's order, the Service developed a compressed nine-month timeline for its internal processes so that the agency could meet the court-ordered deadline. *Id.*

As part of this nine-month process, the Service immediately convened a core team of three biologists and one statistician in the San Francisco Bay-Delta Fish and Wildlife Office to conduct the Species Status Assessment ("SSA"), which is the "rigorous scientific analysis of the biological condition and viability of the San Francisco Estuary population of white sturgeon and forms the biological basis for the Service's internal decision-making." *Id.* ¶ 4; *see also* Dkt. No. 26-1 ¶¶ 9-11 (declaration of Donald Ratcliff describing purpose of SSA framework and resulting SSA report in the context of the Service's 12-month finding process). To ensure completion of the SSA under the compressed timeline, the Service selected staff who already have "extensive background knowledge and understanding of the San Francisco Estuary and expertise in biological modeling necessary to prepare the statistical analysis of the population status and trajectory." Shultz Decl. ¶ 4. In September and early October, as part of the SSA process, the core team sent letters to tribal, state, and other interested parties requesting relevant information; initiated a thorough review of the relevant scientific literature; and discussed and refined the analytic approach for modeling the population. *Id.*

At the end of the day on September 30, 2025, the appropriations act that had been funding the Service expired and those appropriations to the Service lapsed. Dkt. No. 36 at 2; Shultz Decl. ¶ 5. Once appropriations lapsed, employees of the Service could not work on the finding, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the

safety of human life or the protection of property." *See* 31 U.S.C. § 1342; *see also Environmental Def. Ctr. v. Babbitt*, 73 F.3d 867, 871-72 (9th Cir. 1995) (holding that "lack of available appropriated funds prevents the Secretary from complying with the [Endangered Species] Act"); Shultz Decl. ¶ 5. Accordingly, the staff on the core team were prohibited from working on the determination and ceased working on Plaintiffs' petition after sending out some of the interested party letters on October 2, 2025, as part of completing all the administrative steps to ensure an orderly shutdown. Shultz Decl. ¶ 5. Funding was not restored until 43 days later, late in the evening on November 12, 2025. Dkt. No. 40; Shultz Decl. ¶ 5. This lapse in appropriations was beyond the Service's control and unforeseeably halted the agency's work towards completing the white sturgeon finding.

Once appropriations were restored, the team promptly resumed its work, including sending letters to federal parties requesting information that the Service should consider during preparation of the assessment. Shultz Decl. ¶ 6. However, the 43-day appropriations lapse and resulting loss of working days has created a backlog of the Service's required work and of revising deadlines, including other court-ordered deadlines. *Id.* ¶ 7. The end result is that the Service has significantly less capacity and time to meet the June 2026 deadline than intended by the Court or contemplated by the Endangered Species Act.

The Court set the deadline based a nine-month timeframe, deeming nine months as "presumptively feasible" based on "the schedule Congress has set in the ESA." Dkt. No. 32 at 17 ("[T]he statutory schedule contemplates that the remaining work after the ninety-day decision should take no more than nine months."). But the unforeseen lapse in appropriations made it infeasible—impossible in fact—for the Service to work on the finding for a significant portion of the timeframe. Indeed, the appropriations lapse was akin to a "complete funding freeze" by Congress, which the Court has recognized "render[s] compliance truly impossible." Dkt. No. 32 at 13 (citing *Environmental Defense Center. v. Babbitt*, 73 F.3d 867 (9th Cir. 1995)); *see also Babbitt*, 73 F.3d at 871-72 (in-house review and decisionmaking would necessarily require use of appropriated funds, but the "government cannot make expenditures, and therefore cannot act, other

than by appropriation").

Without an extension, the Service will have only seven-and-a-half months to complete work that it had planned to accomplish over nine months to comport with the Court's timeframe. Under Rule 60(b)(5), Defendants have shown a significant change in factual conditions warranting an extension of 43 days to restore the Court's intended timeframe. *See Coldicutt*, 258 F.3d at 942. The appropriations lapse made the Service's ability to comply with the Court's order "legally impermissible" for a period of time. *Coldicutt*, 258 F.3d at 942. And even though appropriations have been restored, the Service's ability to comply has been made "substantially more onerous" and "unworkable because of unforeseen obstacles" because the appropriations lapse effectively shortened the Court's nine-month timeframe by more than a month, making the June 2026 deadline "no longer equitable," Fed. R. Civ. P. 60(b)(5). Moreover, the length of the extension is "suitably tailored to the changed circumstance." *Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016) (citing *Rufo*, 502 U.S. at 383). Cognizant of the Court's directive to complete internal processes in sufficient time to meet a nine-month timeframe, Defendants request only the exact number of days necessary to restore the original timeframe allotted by the Court.

Even if the Court does not apply Rule 60(b)(5), the Court may, in its equitable discretion, extend the deadline under Rule 60(b)(6). The 43-day lapse in appropriations presents "extraordinary circumstances" warranting a commensurate extension. *See Gonzalez*, 545 U.S. at 535. Defendants should not be hindered in their diligent efforts to comply with the Court's order due to an unforeseen situation beyond their control. *See Ackermann*, 340 U.S. at 199 (recounting example of extraordinary situation that "cannot fairly or logically be classified as mere 'neglect'"). Such extraordinary circumstances justify a limited extension commensurate with the number of days lost to the appropriations lapse.

### IV. Conclusion

For all the reasons above, Defendants respectfully request that the Court grant relief under Rule 60(b)(5) or (6) from the final judgment and September 3, 2025, order and extend the Service's June 3, 2026, deadline by 43 days to July 16, 2026.

Dated: December 22, 2025                Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief

/s/ Angela Mo
ANGELA MO, Trial Attorney
CA Bar No. 262113
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-5129
Fax: (202) 305-0275
E-mail: Angela.Mo@usdoj.gov

*Attorneys for Defendants*

# ORDER

UPON UNOPPOSED MOTION BY DEFENDANTS AND PURSUANT TO FED. R. CIV. P. 60(b)(5) AND/OR 60(b)(6):

1. Defendants' Unopposed Motion for 43-Day Extension of Time to Comply with Judgment is GRANTED.

2. The Court relieves Defendants from the June 3, 2026, deadline ordered in the Court's final judgment (Dkt. No. 33) and September 3, 2025, order (Dkt. No. 32). Defendants are hereby ORDERED and ENJOINED to submit for publication in the Federal Register a finding under 16 U.S.C. § 1533(b)(3)(B) on Plaintiffs' petition to list the San Francisco Estuary population of white sturgeon as threatened no later than July 16, 2026.

IT IS SO ORDERED.

Dated: December 23, 2025

THE HON. LISA J. CISNEROS
United States Magistrate Judge